IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STACY ORLANDO JACKSON                                                                                   PLAINTIFF

      v.                              Civil No.  13-5221

CIRCUIT JUDGE WILLIAM STOREY;
SHERIFF TIM HELDER; PROSECUTING
ATTORNEY JOHN THREET; BOBBY
BOYD, Deputy Clerk; CAPTAIN LIVERMORE,
Washington County Detention Center;
DETECTIVE R. KNOTTS, Fayetteville Police
Department; and SERGEANT ARNOLD,
Washington County Detention Center                                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights case pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*

The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### 1.  Background

Plaintiff maintains that he was wrongfully arrested on an invalid warrant and charged with aggravated robbery, a felony offense.  Plaintiff believes Detective R. Knotts put false information in the police report and in the affidavit for the warrant of arrest.  Plaintiff states that the only evidence against him was the fabricated statements of Dustin Faust, the other individual alleged to have been involved in the robbery.  Further he notes that the Social Security Number on the affidavit and the warrant was not his.  He maintains that Detective Knotts, Sheriff Helder, Circuit Court Judge

William Storey, Deputy Clerk Bobby Boyd, and Prosecuting Attorney John Threet all "abused their discretion and charged me for a crime I did not commit and slandered my name and picture."

Plaintiff was arrested and incarcerated in the Washington County Detention Center. He filed a number of grievances in an effort to resolve the issue of his false imprisonment. He indicates Sergeant Muggy, Sergeant Arnold, and Captain Livermore were all made aware of the issue by the grievances he filed. Although he asked to speak to Sheriff Helder, Plaintiff indicates his grievances were all addressed by lower level employees.

As relief, Plaintiff seeks both compensatory and punitive damages. He also asks that any Defendant that had anything to do with the arrest warrant be federally charged with felony perjury charges.

**2. Discussion**

This case is subject to dismissal for a number of reasons. First, Circuit Judge William Storey is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57(1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Second, John Threet, the prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity

of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

    Third, in *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46. Clearly, no claim is stated.

    Finally, "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). *See also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th

Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

### 3.  Conclusion

Accordingly, I recommend that the complaint be dismissed with prejudice on the grounds that the claims are frivolous, fail to state claims on which relief may be granted, and seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). The dismissal of this action will constitute a strike under 28 U.S.C. § 1983. The Clerk should be directed to put a § 1915(g) strike on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of March 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE