IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STACY ORLANDO JACKSON                                                                    PLAINTIFF

     v.                                   Civil No. 13-5221

SHERIFF TIM HELDER; CAPTAIN
LIVERMORE; SERGEANT MUGGY;
DETECTIVE R. KNOTTS; and
SERGEANT ARNOLD                                                                         DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

**1. Procedural Background**

The case is before the Court for a second time for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

By report and recommendation (Doc. 15), the United States Magistrate Judge James R. Marschewski, to whom the case was then assigned, recommended dismissal of this case at the screening stage. Plaintiff conceded that the claims against Circuit Judge William Storey, Prosecuting Attorney John Threet, and Deputy Clerk Bobby Boyd should be dismissed (Doc. 17). However, he sought leave to amend his complaint as against the remaining Defendants, Sheriff Helder, Captain Livermore, Detective Knotts, and Sergeant Arnold. This request was granted (Doc. 20) and Plaintiff

was directed to file his amended complaint by December 24, 2014. Plaintiff filed his amended complaint (Doc. 21) on December 22nd and added Sergeant T. Muggy as a Defendant.

**2. Background**

According to the allegations of the amended complaint (Doc. 21), Detective R. Knotts, of the Fayetteville Police Department, was in charge of investigating an aggravated robbery. On January 28, 2013, Detective Knotts contacted Plaintiff's probation officer and reported that Plaintiff "had committed an aggravated robbery." (Doc. 21 at pgs. 3-4). Detective Knotts is alleged to have further reported that Plaintiff had "held a hatchet to a man's neck during a robbery." *Id.* at pg. 4. Plaintiff alleges that Detective Knotts was aware of the fact that a co-defendant had denied that Plaintiff was in possession of a hatchet during the alleged burglary. *Id.* Further, Plaintiff alleges that after a thorough investigation all charges against him were nolle prossed. *Id.* By the time the charges were nolle prossed, Plaintiff's probation had been revoked. *Id.* Plaintiff maintains Detective Knotts violated his constitutional rights, defamed him, and caused him to be falsely arrested and imprisoned.

After his arrest on one count of aggravated robbery, Plaintiff was incarcerated in the Washington County Detention Center. (Doc. 21 at pg. 5). He was also incarcerated on a petition to revoke his probation. *Id.* at pg. 10. Plaintiff maintains he was falsely imprisoned. Further, he maintains Sheriff Helder failed to comply with the terms of his own grievance procedure when he failed to address the Plaintiff's grievances. *Id.* at pg. 5.

Plaintiff additionally contends that Captain Livermore, Sergeant Arnold, and Sergeant Muggy failed to properly address his grievances or pass along appeals of grievances. (Doc. 21 at pgs. 6-9). Plaintiff also maintains that Sergeant Muggy "acted outside his professional capacity when he

responded to a grievance in which I detailed my false imprisonment by responding, 'what is wrong with your false imprisonment.'" *Id.* at pg. 9.

### 3. Discussion

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Certain of Plaintiff's claims are subject to dismissal. First, his claim that Detective Knotts defamed him is subject to dismissal. "[D]efamation, per se, is not actionable under section 1983." Underwood v. Pritchard, 638 F.2d 60, 62 (8th Cir. 1981); see also Wade v. Goodwin, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. Paul v. Davis, 424 U.S. 693 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." Idema v. Wager, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), aff'd 29 Fed. Appx. 676

(2d Cir. 2002).

Second, Plaintiff's claim about the improper or inadequate processing of his grievances by Sheriff Helder, Captain Livermore, Sergeant T. Muggy, and Sergeant Arnold is subject to dismissal. "Inmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)(citations omitted); see also Lombolt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002)(denial of grievances does not state a substantive constitutional claim); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)(inmates have no constitutional right to grievance procedure); Blagman v. White, 112 F. Supp. 2d 534 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure), aff'd, 3 Fed. Appx. 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." Blagman, 112 F. Supp. 2d at 542 (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." Id. (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

Third, the "false imprisonment" claim against Sheriff Helder is subject to dismissal. In Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

Baker, 443 U.S. at 145-46.

Plaintiff indicates he was arrested on an aggravated robbery charge and a probation revocation charge. Plaintiff does not allege that Sheriff Helder, or any other official at the Washington County Sheriff's Department, had any reason to believe the warrant was invalid. See e.g., Casanova v. City of Brookshire, 119 F. Supp. 2d 639, 652 (S.D. Tex. 2000)(arrest pursuant to a facially valid warrant precludes a false arrest claim). Plaintiff's mere assertions of innocence do not render the warrant invalid. Clearly, no claim is stated.

Finally, Plaintiff's claim that Sheriff Helder did not ensure that detention center staff followed the written jail policies is subject to dismissal. The failure to follow a state or county procedure does not equate to a violation of the constitution. See e.g. Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir.1996) ("Due Process Clause does not federalize state-law procedural

requirements"); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir.1996)("Our case law is clear ... that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met").

### 4.  Conclusion

For the reasons stated, I recommend dismissal of the following claims: (1) alleged inadequacies in the grievance procedure or in the processing of grievances; (2) defamation; (3) the failure of Defendants to follow written procedures; and (4) of false imprisonment.  This would dismiss all claims against Sheriff Tim Helder, Captain Livermore, Sergeant T. Muggy, and Sergeant Arnold.  By separate order service will be directed on Detective R. Knotts.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE