IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STACY ORLANDO JACKSON                                                                           PLAINTIFF

v.                                            Case No. 5:13-CV-05221

SHERIFF TIM HELDER; CAPTAIN LIVERMORE;
SERGEANT T. MUGGY, Washington County Detention
Center; DETECTIVE R. KNOTTS, Fayetteville Police
Department; SERGEANT ARNOLD, Washington County
Detention Center                                                                                DEFENDANTS

**OPINION AND ORDER**

Before the Court are the findings and recommendations (Doc. 22) by United States Magistrate Judge Mark E. Ford. Also before the Court are Plaintiff Stacy Orlando Jackson's objections (Doc. 25).

The Magistrate recommends dismissal of claims against Sheriff Tim Helder, Captain Livermore, Sergeant T. Muggy, and Sergeant Arnold, as well as dismissal of Jackson's claim for defamation. In his objections, Jackson requests that the Court leave the claim for defamation to consider whether the Court might exercise supplemental jurisdiction over the state-law claim. Jackson also objects to any characterization by the Magistrate that his false-imprisonment claim is based on a "mere assertion of innocence."

The Court finds that Jackson's first objection is well taken. In its order (Doc. 17) on the original report and recommendation in this case, the Court recommitted the case to the Magistrate for further analysis. In that order, the Court stated "[i]f the Magistrate does not recommend dismissal of all federal claims after such additional analysis, it is also requested that the Magistrate consider whether Jackson has stated a claim under state law for defamation and, if so, whether the claim may or should be considered by this Court pursuant to the Court's ability to exercise supplemental jurisdiction over a state-law claim." (Doc. 17, p. 2). The most recent report, however,

does not analyze the defamation claim under state law and recommends dismissal of that claim only for failure to state a federal claim.  While the Court agrees that no federal claim is stated, failure to state a federal claim does not warrant dismissal of the state-law defamation claim.  The Magistrate found Jackson's federal claims against Detective Knotts sufficient to survive pre-service screening, and service has been ordered as to Detective Knotts.  As federal claims remain pending against Detective Knotts, and as the Magistrate has not set out a basis for dismissal of the defamation claim at this juncture, the Court will not adopt the Magistrate's recommendation that the defamation claim be dismissed.

The Court finds that Jackson's second objection does not warrant departure from the Magistrate's findings.  While the Court acknowledges that the criminal charges against Jackson were later dropped, that fact is not sufficient to establish a claim against Sheriff Helder, who was simply carrying out his duties in executing the arrest warrant.  The Court agrees with the Magistrate's statement that Jackson's assertion of innocence did not render the warrant invalid at the time it was executed.  As reasoned by the Magistrate, Jackson does not allege that Sheriff Helder otherwise had any reason to believe the warrant was invalid.

IT IS THEREFORE ORDERED that the report and recommendation of the Magistrate (Doc. 22) is ADOPTED IN PART as set forth above.

IT IS FURTHER ORDERED that Defendants Helder, Livermore, Muggy, and Arnold are DISMISSED WITHOUT PREJUDICE from this action for failure by Jackson to state a claim against them for which relief can be granted.

IT IS SO ORDERED this 10th day of March, 2015.

*s/P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE